UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21818-CIV-KING/TORRES

JHONNY ALBERTO PRECIADO CORDOBA, )
*and all others similarly situated under 29 U.S.C.* )
*216(b)*, )
 )
         Plaintiffs, )
vs. )
 )
ALL FOR YOU GENERAL SERVICES INC, )
and ALFREDY DIAZ HERNANDEZ, )
 )
         Defendants. )
_____

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME, MINIMUM WAGE, AND RETALIATION VIOLATIONS**

**COMES NOW** Plaintiff, JHONNY ALBERTO PRECIADO CORDOBA, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, and files this Second Amended Complaint against Defendants, ALL FOR YOU GENERAL SERVICES INC, and ALFREDY DIAZ HERNANDEZ, and withdrawing the complaint against the current Defendant, KRYSTAL INVESTMENT SOLUTION LLC, pursuant to Fed.R.Civ.P. 15(a)(1), and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant, ALL FOR YOU GENERAL SERVICES INC, is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ALFREDY DIAZ HERNANDEZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendant has employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendant as a security guard and janitor from on or about January 5, 2015 through on or about March 7, 2015.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant

affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

11. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2014.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

14. Between the period of on or about January 5, 2015 through on or about March 7, 2015, Plaintiff worked an average of 60 hours per week for Defendant and was paid an average of $0.83 per hour, but was never paid the overtime rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act, except for three (3) weeks during the above-specified period in which Plaintiff was paid nothing at all. Plaintiff therefore claims the half-time overtime rate based upon the applicable minimum wage rate for each hour worked above 40 in a week for the above-specified time period, and Plaintiff claims the time-and-a-half overtime rate based upon the applicable minimum

wage for each hour worked above 40 for the last three (3) weeks of employment with Defendant.

15. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act, as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the total period of Plaintiff's employment.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

**COMES NOW**, Plaintiff, by and through undersigned counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-14 above and further states:

16. Pursuant to 29 U.S.C. § 206(a)(1), an employer must pay a minimum wage of $5.15 per hour to an employee who is engaged in commerce. On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

17. Between the period of on or about January 5, 2015 through on or about March 7, 2015, Plaintiff worked an average of 60 hours per week for Defendant and was paid an average of $0.83 per hour for said work in violation of the Fair Labor Standards Act, except for

three (3) weeks during the above-specified period in which Plaintiff was paid nothing at all. Said payment of $0.83 per hour and payment of nothing at all for three (3) weeks did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between his average hourly rate of $0.83 per hour and the applicable minimum wage rate of $7.25 per hour for all hours worked during the period specified above, except that Plaintiff claims the applicable minimum wage rate of $7.25 per hour for all hours worked during the last three (3) weeks of employment when Plaintiff was paid nothing at all.

18. The Defendant's wage payment practices to Plaintiff for this time period did not meet the Federal Minimum Wage law requirements, as Plaintiff was not paid the required Federal Minimum Wage for all hours worked, and is therefore claiming Federal Minimum Wage violations.

19. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages for the above-specified period as required by the Fair Labor Standards Act, as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the entire period of employment specified above.

**WHEREFORE**, Plaintiff requests double damages and reasonable attorney fees from the Defendant pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial, for all minimum wages still owing from Plaintiff's above-specified period of employment with Defendant, or as much as allowed by the Fair Labor Standards Act—whichever is greater—along with court costs, interest, and any other relief that this Court finds

reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

## COUNT III: RETALIATION UNDER 29 U.S.C. § 215(a)(3)

**COMES NOW** Plaintiff, through undersigned Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-18 above and further states:

1. On or about March 6, 2015, Plaintiff sent a letter via fax to Defendant requesting his unpaid wages and requesting a raise.

2. On or about March 7, 2015, Plaintiff was fired by "Fredy," Plaintiff's supervisor and an employee of Defendant, who stated that the Defendants' owners had decided to fire Plaintiff.

3. Upon information and belief, the motivating factor for Defendant's termination of Plaintiff was due to Plaintiff asserting a claim for mandated wages protected by the FLSA.

4. The termination of Plaintiff was an act of retaliation in direct violation of 29 U.S.C. § 215(a)(3) because the motivating factor for said termination was a filing a lawsuit claiming legally mandated wages and, as a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests judgment against the Defendant, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, and all other damages recoverable by law 29 U.S.C. § 216(b). *Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.

*Attorney For Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By: /s/ J.H. Zidell
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121